IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Olivia Wilson, | ) | C/A No. 3:23-cv-05020-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mortgage Research Center, LLC, d/b/a | ) | **ORDER** |
| Veterans United, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on review of the Report and Recommendation (the "Report") issued by United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C).  [ECF No. 8.]

## PROCEDURAL BACKGROUND

In this action, Plaintiff, proceeding *pro se*, asserts claims relating to a mortgage contract. *See* ECF Nos. 1, 6, 7, 13.  This matter was referred to the magistrate judge for all pretrial proceedings.  On October 25, 2023, the magistrate judge issued her Report, finding Plaintiff's claims to be frivolous and subject to summary dismissal.  [ECF No. 8.]  The Report recommends dismissal of Plaintiff's complaint with prejudice and without issuance and service of process.  *Id.* Plaintiff filed objections to the Report.  [ECF No. 11.]    Then, on April 8, 2024, Plaintiff filed an amended complaint.  These matters are ripe for review by this court.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  In response to a recommendation, any party may serve and file written objections.  *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir.

2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)).  The district court then makes a de novo determination of those portions of the Report to which an objection is made.  *Id.*  To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection.  *Id.*  (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)).  If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim.  *Elijah*, 66 F.4th at 460.  Objections need not be novel to be sufficiently specific.  *Id.*  Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation."  *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow her to fully develop potentially meritorious claims.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).  That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report thoroughly explains why Plaintiff's original claims are frivolous and subject to summary dismissal.  *See* ECF No. 8 at 5–9.  Technically, the amended complaint moots the Report, but, based on the court's review, the amended complaint is essentially the same as the original

complaint, and it suffers from the same deficiencies Briefly, Plaintiff has her mortgage with Defendant. *See* ECF No. 13 at 1–2. At some point, she attempted to satisfy the remaining balance of her mortgage via a "bill of exchange." *Id.* The Report explains that "Plaintiff is not the first to send a 'bill of exchange' to a lender in hopes of settling a given debt." [ECF No. 8 at 5.] But this court, and many others, have found such claims to be frivolous and based on errors of law since such bills of exchange are not valid legal tender. *Id.* at 5–12; *see also Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 758–60 (W.D. Va. Dec. 19, 2007) (noting bills of exchange are not "by definition illegitimate" but dismissing a case where the facts alleged by the Plaintiff did not demonstrate that her bill of exchange was anything more than "a worthless piece of paper"). Plaintiff objects to this conclusion.

On April 8, 2024, Plaintiff submitted an amended complaint against Mortgage Research Center, LLC d/b/a Veterans United. Again, the foundation of Plaintiff's complaint against Defendant remains the same—she claims that she tried to satisfy her mortgage loan by submitting a bill of exchange, which was not accepted by Defendant. Accordingly, she asserts Defendant breached their contract. [ECF No. 13.] While Plaintiff has been allowed to amend her complaint as a matter of course since it has not yet been served, *see* Fed. R. Civ. P. 15(a)(1), the amended complaint does not cure the fact that her claims are frivolous for the same reasons identified in the Report. *See* ECF No. 8. The court now addresses Plaintiff's objections to the Report and explains why this case is still subject to summary dismissal despite Plaintiff's amendments.

In her objections, Plaintiff relies upon many misstatements of the law. [ECF No. 11 at 2.] That is, she begins her objections by asserting that jurisdiction under 28 U.S.C. 1331 is established in this case because Plaintiff listed federal laws in the complaint and "federal laws are written by Congress." *Id*. She is incorrect. The mere recitation of federal laws in a complaint does not

establish subject matter jurisdiction.  "'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quoting *Owen Equip. and Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).  Federal courts thus have a duty to determine, sua sponte, whether subject matter jurisdiction exists and to dismiss an action where it does not.  *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Generally, federal courts may hear cases arising under federal law and certain disputes between diverse parties.  *See* 28 U.S.C. § 1331–32.  Even broadly construing the complaint to find jurisdiction, it is still subject to summary dismissal because it is frivolous.

Namely, the amended complaint faults Defendant for failing to apply her tender of performance, but, as set out in the Report, to the extent that is the basis of Plaintiff's complaint, it is frivolous.  In her objections to the Report, Plaintiff relies on *Norman v. Baltimore & O.R. Co.*, 294 U.S. 240 (1935), and "the legal principles established in [that] case . . . ."  [ECF No. 11 at 4.] But nothing in *Norman* obligates a company to accept a "bill of exchange" as settlement for a debt, nor does Plaintiff explain how that case renders her own not frivolous.  The very foundation of Plaintiff's claim is frivolous, and it must be dismissed for that reason.

For the reasons explained in the Report, the court finds Plaintiff's original complaint is frivolous and subject to dismissal.  *See* ECF No. 8 at 4–12.  Plaintiff's amended complaint fares no better as the foundation of the complaint is the attempted satisfaction of a debt via a "bill of exchange," which is recognized to be a frivolous argument.  *See* ECF No. 8 at 5–9.  Plaintiff has made commercial obligations and will not settle her personal debts by sending a "bill of exchange" to the lender or demanding the United States government to discharge them.

4

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report.  The Report and Recommendation, ECF No. 8, is deemed **MOOT** based on the amended complaint.  However, for the same reasons outlined above and detailed in the Report, this case is frivolous.  Thus, it is **SUMMARILY DISMISSED WITH PREJUDICE and WITHOUT ISSUANCE and SERVICE OF PROCESS**.

**IT IS SO ORDERED.**

May 20, 2024                                        Sherri A. Lydon
Columbia, South Carolina                           United States District Judge